# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YVES FERNANDEZ, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| CONVERGENT OUTSOURCING, INC.; GALAXY PORTFOLIOS, LLC; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, YVES FERNANDEZ, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, CONVERGENT OUTSOURCING, INC. ("CONVERGENT"); GALAXY PORTFOLIOS, LLC ("GALAXY"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Bergen County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CONVERGENT maintains a location at 800 SW 39th Street, P.O. Box 9004, Renton, Washington 98057.

8. GALAXY maintains a location at 4730 S. Fort Apache Road, Suite 300, Las Vegas, Nevada 89147.

9. Upon information and belief, each Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

11. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

13. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from CONVERGENT concerning a debt owned by GALAXY, which originated with WASHINGTON MUTUAL and which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.

    The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2

redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether the Defendants violated various provisions of the FDCPA including but not limited to:

        15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

    b.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to November 25, 2016, Plaintiff entered a financial obligation to WASHINGTON MUTUAL ("WAMU").

16. The WAMU obligation was for Plaintiff's personal use.

17. The WAMU obligation was not for business purposes.

18. The WAMU obligation not for a non-personal use.

19. The WAMU obligation/credit was not used for any purpose other than personal use.

20. The WAMU obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. The WAMU obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. WAMU is a "creditor" as defined by 15 U.S.C. § 1692a(4).

23. At some time prior to November 25, 2016, the WAMU obligation was purchased by and/or sold to GALAXY.

24. At the time the WAMU obligation was purchased by and/or sold to GALAXY, the obligation was in default.

25. On or before November 25, 2016, GALAXY referred the WAMU obligation to CONVERGENT for the purpose of collections.

26. At the time GALAXY referred the WAMU obligation to CONVERGENT, the obligation was past due.

27. At the time GALAXY referred the WAMU obligation to CONVERGENT, the obligation was in default.

28. Defendants caused to be delivered to Plaintiff a letter dated November 25, 2016, which was addressed to Plaintiff.  **Exhibit A,** which is fully incorporated herein by reference.

29. The November 25, 2016 letter was sent to Plaintiff in connection with the collection of the WAMU obligation.

30. The November 25, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31. Upon receipt, Plaintiff read the November 25, 2016 letter.

32. The November 25, 2016 letter provides the following information regarding the balance claimed due on the WAMU obligation:

> Principal:     $2,992.91
> Total Balance: $2,992.91

33. The November 25, 2016 letter did not itemize or breakdown the amount of the debt by principal, interest, fees and other charges.

34. The outstanding balance claimed to be due by Defendants on the WAMU obligation as of November 25, 2016 includes an amount for interest.

35. The November 25, 2016 letter did not inform Plaintiff that the amount of the debt included an amount for interest.

36. The outstanding balance claimed to be due by Defendants on the WAMU obligation as of November 25, 2016 includes an amount for costs and/or fees.

37. The November 25, 2016 letter did not inform Plaintiff that the amount of the debt included an amount for costs and/or fees.

38. At all times relevant to this matter, CONVERGENT has not held a license under authority of the New Jersey Consumer Finance Licensing Act.

39. At all times relevant to this matter, CONVERGENT has not held a license issued by the New Jersey Department of Banking and Insurance.

40. At all times relevant to this matter, CONVERGENT has not held a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

41. At all times relevant to this matter, GALAXY has not held a license under authority of the New Jersey Consumer Finance Licensing Act.

42. At all times relevant to this matter, GALAXY has not held a license issued by the New Jersey Department of Banking and Insurance.

43. At all times relevant to this matter, GALAXY has not held a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

44. Upon information and belief, WAMU held a license with the New Jersey Department of Banking and Insurance at all relevant times herein.

45. At no time was CONVERGENT authorized to charge or add interest to Plaintiff's account.

46. At no time was CONVERGENT authorized to collect interest on Plaintiff's account.

47. At no time was CONVERGENT authorized to collect on Plaintiff's account.

48. At no time was GALAXY authorized to charge or add interest to Plaintiff's account.

49. At no time was GALAXY authorized to collect interest on Plaintiff's account.

50. At no time was GALAXY authorized to collect on Plaintiff's account.

51. CONVERGENT was not permitted by law to add interest, late charges or other charges to the balance of the WAMU obligation.

52. GALAXY was not permitted by law to add interest, late charges or other charges to the balance of the WAMU obligation.

53. As CONVERGENT did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time relevant to this matter, it was prohibited from attempting to collect on the WAMU obligation.

54. As GALAXY did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time relevant to this matter, it was prohibited from attempting to collect on the WAMU obligation.

## POLICIES AND PRACTICES COMPLAINED OF

55. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

   (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

   (d) Making a false representation of the character or amount of the debt.

56. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

57. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

58. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

59. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

60. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance could and/or would increase.

61. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance included an amount for interest.

62. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance included an amount for costs and/or fees.

63. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether Defendants could legally attempt to collect the debt.

64. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that Defendants had the legal ability to attempt to collect the debt and that Defendants had acquired the appropriate licenses or had otherwise complied with New Jersey regulations.

65. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

66. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

67. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

68. Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the WAMU obligation included an amount for interest and an amount for costs and/or fees.

69. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

70. Defendants violated 15 U.S.C. § 1692e(2)(A) by including an amount for interest in the balance stated in the November 25, 2016 letter.

71. Defendants violated 15 U.S.C. § 1692e(2)(A) by including an amount for costs and/or fees in the balance stated in the November 25, 2016 letter.

72. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

73. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or collecting interest under the New Jersey Consumer Finance Licensing Act.

74. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from collecting on the WAMU obligation because they failed to comply with the New Jersey Consumer Finance Licensing Act.

75. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

76. Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

77. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

78. Defendants violated 15 U.S.C. § 1692e(10) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

79. Defendants' attempt to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law violated various provisions of the FDCPA including but not limited to: 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

80. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

81. Defendants violated Section 1692f *et seq.* of the FDCPA by attempting to collect interest, which it is not authorized or permitted by law to charge or collect.

82. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

83. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

84. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

85. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

86. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

87. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: August 15, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: August 15, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

**Convergent**
Convergent Outsourcing, Inc.
800 SW 39th St/PO Box 9004
Renton, WA 98057
Mon-Fri 8AM-5PM
877-495-0400

ATERSO01
PO Box 1022
Wixom MI 48393-1022
CHANGE SERVICE REQUESTED

Date: 11/02/2015
Creditor: Galaxy Portfolios, LLC
Original Account #: 150671398
Convergent Account #: S-28394619
Original Creditor: Washingtonmutual

Yves Fernandez
83 Keasler Ave
Lodi NJ 07644-1415

Settlement In Full: $ 598.58

Principal: $2,992.91
Total Balance: $2,992.91

Settlement Offer

Dear Yves Fernandez:

This notice is being sent to you by a collection agency. The records of Galaxy Portfolios, LLC show that your account has a past due balance of $2,992.91.

Our client has advised us that they are willing to settle your account for 20% of your total balance due to settle your past balance. The full settlement must be received in our office by an agreed upon date. If you are interested in taking advantage of this offer, call our office within 45 days of this letter. Your settlement amount would be $ 598.58 to clear this account in full. Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account. We are not required to make this offer to you in the future.

Sincerely,

Convergent Outsourcing, Inc.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.

---

**3 CONVENIENT WAYS TO PAY:**

Pay Online: Email our office or pay your bill online with your credit/debit card or checking account at www.payconvergent.com. Your temporary identification number is: 13.28394619.572

Pay by Phone: Please call Convergent Outsourcing, Inc. at 877-495-0400. We offer check by phone, Western Union, and credit/debit card.

Pay by Mail: Send Payments to Convergent Outsourcing, Inc., PO Box 9004, Renton WA 98057-9004

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT. BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS ON REVERSE SIDE APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE.

877-495-0400
Re: Yves Fernandez

Date: 11/02/2015
Creditor: Galaxy Portfolios, LLC
Original Account #: 150671398
Convergent Account #: S-28394619
Settlement In Full: $ 598.58
Total Balance: $2,992.91

✓ **Select Your Plan:**

☐ **OPPORTUNITY #1 - Lump Sum Settlement Offer of 20%:**
Enclosed is my payment of $ 598.58 (a 80% discount). My account is now satisfied in full.

☐ **OPPORTUNITY #2 - Settlement Offer of 40% & Pay Over 3 Months:**
Enclosed is my first payment of $399.05 towards the settlement balance of $1,197.16 (a 60% discount).

☐ **OPPORTUNITY #3 - Spread Your Payments Over 12 Months:**
Enclosed is my first payment of $249.41 towards the balance due of $2,992.91.

If we are calling you in error, please call 855-728-9701 or visit our website at www.convergentusa.com.

Amount Enclosed: US ____

PLEASE COMPLETE IF PAYING BY CREDIT CARD.

| VISA ☐ | MasterCard ☐ | EXP. DATE |
| --- | --- | --- |
| CARD NUMBER | | AMOUNT $ |
| CARDHOLDER NAME | | |
| CARDHOLDER SIGNATURE | | |

*If Options 2 or 3 Have Been Selected, Please Enter Monthly Payment Date and Amount: $ ____

722285477
844ATERSO01S320XG

8100283946190000299291000059858

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance.

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT. BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS "APPEARS CORRECTLY THROUGH WINDOW OF THE REPLY ENVELOPE."

Date: 11/02/2015
Creditor: Galaxy Portfolios, LLC
Original Account #: 150671398
Convergent Account #: S-28394619

Settlement In Full: $ 598.58

Total Balance: $2,992.91

**New Address:**
Address:
City: _____ ST ___ Zip: _____
Daytime Phone: ( ) _____
Evening Phone: ( ) _____

Convergent Outsourcing, Inc.
PO Box 9004
Renton WA 98057-9004

844ATERSO01S320XG

**Convergent**

Rev. 03/2015

72228477

| FACTS | WHAT DOES Galaxy Portfolios, LLC DO WITH YOUR PERSONAL INFORMATION? |
|---|---|
| Why? | Financial companies choose how they share your personal information. Federal law gives consumers the right to limit some but not all sharing. Federal law also requires us to tell you how we collect, share, and protect your personal information. Please read this notice carefully to understand what we do. |
| What? | The types of personal information we collect and share depend on the product or service you have with us. This information can include:<br>• Social Security number  and  Contact Information<br>• Account Balances         and  Payment History<br>• Assets                  and  Employment Information<br>When you are *no longer* our customer, we continue to share your information as described in this notice. |
| How? | All financial companies need to share consumers' personal information to run their everyday business. In the section below, we list the reasons financial companies can share their consumers' personal information; the reasons Galaxy Portfolios, LLC chooses to share; and whether you can limit this sharing. |

| Reasons we can share your personal information | Does Galaxy Portfolios, LLC share? | Can you limit this sharing? |
|---|---|---|
| **For our everyday business purposes –** such as to process your transactions, maintain your account(s), respond to court orders and legal investigations, or report to credit bureaus | Yes | No |
| **For our marketing purposes –** to offer our products and services to you | No | We don't share |
| **For joint marketing with other financial companies** | No | We don't share |
| **For our affiliates' everyday business purposes –** information about your transactions and experiences | Yes | No |
| **For our affiliates' everyday business purposes –** information about your creditworthiness | No | We don't share |
| **For nonaffiliates to market to you** | No | We don't share |

| Questions? | Call 800-305-9811 or go to www.galaxyportfolios.net |
|---|---|

Page 2

| | |
|---|---|
| **Who we are** | |
| Who is providing this notice? | Galaxy Portfolios, LLC |
| **What we do** | |
| How does Galaxy Portfolios, LLC protect my personal information? | To protect your personal information from unauthorized access and use, we use security measures that comply with federal law. These measures include computer safeguards and secured files and buildings. |
| How does Galaxy Portfolios, LLC collect my personal information? | We collect your personal information, for example, when you<br>■ provide account information       or give us your income<br>■ pay us                                      or provide employment information<br>■ give us your contact information |
| Why can't I limit all sharing? | Federal law gives you the right to limit only<br>■ sharing for affiliates' everyday business purposes – information about your creditworthiness<br>■ affiliates from using your information to market to you<br>■ sharing for nonaffiliates to market to you<br>State laws and individual companies may give you additional rights to limit sharing. |
| **Definitions** | |
| Affiliates | Companies related by common ownership or control. They can be financial and nonfinancial companies.<br>■ *Galaxy Capital Recoveries, LLC*<br>*Worldwide Asset Purchasing II, LLC*<br>*Galaxy Asset Purchasing, LLC*<br>*Galaxy International Purchasing, LLC* |
| Nonaffiliates | Companies not related by common ownership or control. They can be financial and nonfinancial companies.<br>■ *Various 3rd party vendors.* |
| Joint marketing | A formal agreement between nonaffiliated financial companies that together market financial products or services to you. |
| **Other important information** | |

Galaxy Portfolios, LLC follows state laws which may provide you with additional privacy rights or protections. Important Notice About your Rights Under The FDPCA: Nothing in this notice shall violate your rights under the FDCPA. No disclosures to 3rd parties will be made in violation of your rights under the FDCPA.